AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
| v. | ) |
| Giovanni Gonzalez, Victor Sanchez, and Alejandro Blanco | ) Case No. |
| *Defendant(s)* | ) 8:21MJ1976SPF |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 23, 2021** in the county of **Hillsborough** in the **Middle** District of **Tampa**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503 and 70506 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to distribute and possess with intent to distribute (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Attachted Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Carlos M. Hernandez, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence. by telephone.

Date: 9/29/2021

_____
*Judge's signature*

City and state: Tampa, Florida

Sean P. Flynn, U.S Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carlos M. Hernandez, being duly sworn, depose and state:

### Introduction and Agent Background

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Tampa District Office. I have been a law enforcement officer for approximately 24 years. I have conducted criminal investigations involving domestic and international drug trafficking organizations. I have worked with other federal, state, and local agencies in conducting these investigations. I have conducted numerous investigations involving the manufacturing and sale of methamphetamine, cocaine, and the diversion of scheduled pharmaceutical drugs.

2. Since June 2021, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Agents assigned to Operation Panama Express currently investigate cocaine and marijuana smuggling organizations that are responsible for the transportation of cocaine and marijuana through international

waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about September 23, 2021, while on board a vessel subject to the jurisdiction of the United States, the defendants, GIOVANNI GONZALEZ, VICTOR SANCHEZ and ALEJANDRO BLANCO, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and to possess with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

5. The United States Coast Guard ("USCG") has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and

2

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On September 23, 2021, while on routine patrol, an SH-60 helicopter from the UNITED STATES SHIP (USS) BILLINGS detected a go-fast vessel (GFV) operating approximately 180 nautical miles south of Jacmel, Haiti, in international waters with packages on deck. The USS BILLINGS was in the area with a USCG law enforcement detachment team (LEDET) on board and diverted to intercept the GFV. The USS BILLINGS received from the USCG District 7 (D7) a Statement of No Objection (SNO) and Use of Force (UOF) authorization for a Right of Visit (ROV) boarding and up to and including warning shots and/or disabling fire on a non-compliant low-profile GFV reasonably suspected of drug smuggling in international waters.

7. The SH-60 helicopter went over the GFV and employed warning shots, which were effective. USS BILLINGS then launched a small boat (RHIB) with the USCG LEDET onboard and took positive control of the GFV. The LEDET reported three (3) persons onboard the GFV.

8. The USCG LEDET conducted a ROV boarding to determine the nationality of the vessel, if any. During the ROV boarding the USCG LEDET found three crewmembers on board the GFV: GIOVANNI GONZALEZ, VICTOR SANCHEZ and ALEJANDRO BLANCO. No crewmember admitted to being the master of the GFV. However, GIOVANNI GONZALEZ made a claim of Colombian nationality for the vessel and admitted that the vessel was carrying 250

3

kilograms of cocaine and 28 fuel barrels and that the vessel was enroute to the Dominican Republic. USCG D7 granted an SNO to enact the Ship provision of the United States-Colombia Bilateral agreement and conducted forms exchange. The government of Colombia could neither confirm nor deny registration of the GFV, therefore USCG D7 granted a SNO to treat the vessel as one without nationality, and therefore subject to the laws of the United States.

9. On board the GFV, the USCG LEDET located twelve (12) bales and conducted two Narcotics Identification Kit tests on the packages from the bales. The results of both tests were positive for cocaine. The USCG D7 authorized the USCG LEDET to conduct a full law enforcement boarding and ultimately authorized treating the three crewmembers as detainees. The packages were weighed by members of the USCG LEDET and the weight was approximately 300 kilograms (at-sea weight).

10. USS BILLINGS sank the GFV as a navigation hazard and detained the three defendants.

## CONCLUSION

11. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, GIOVANNI GONZALEZ, VICTOR SANCHEZ and ALEJANDRO BLANCO, while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with intent to distribute a quantity of cocaine, a

4

Schedule II controlled substance, in violation of Title 46, United States Code Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii).

Carlos M. Hernandez
Special Agent, FBI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Sean P. Flynn
United States Magistrate Judge

5